UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BT HOLDINGS, LLC.

                                                                       **DECLARATION**

                             Plaintiff,              **Docket No. 15 CV 1986(CS)(JCM)**
    -against-                                        **Assigned Judge:**
                                                                      **JUDGE CATHY SEIBEL**

VILLAGE OF CHESTER and VILLAGE OF
CHESTER BOARD OF TRUSTEES,

                            Defendants.
------------------------------------------------------------X

       MARY E. BRADY MARZOLLA, states that she is an attorney duly admitted to practice law in the Courts of the State of New York and this Court, and makes the following declaration pursuant to 28 U.S.C. §1746 under the penalties of perjury:

       1.    Your declarant is an attorney at law duly licensed to practice before the United States District Court for the Southern District of New York.

       2.    Your declarant is an associate of the firm of Feerick Lynch MacCartney PLLC, attorneys for the Defendants, Village of Chester, Village of Chester Board of Trustees (hereinafter "Defendants"), in the above entitled action and, as such, is fully familiar with all facts and circumstances heretofore had herein.

## NATURE OF THE MOTION

       3.    This Declaration is respectfully submitted in support of the Village Defendants' motion to disqualify Plaintiff's counsel, Larry Wolinksy, Esq., and his firm, Jacobowitz & Gubitz ("J&G") because (1) where Plaintiff and the Village Defendants were represented by Larry Wolinksy, Esq., and his firm, Jacobowitz & Gubitz ("J&G") in the underlying Article 78

proceeding with common interests, J&G cannot now be adverse to the Village Defendants in this matter arising out of that litigation; (2) as former counsel to the Village Defendants in the underlying Article 78 proceeding, J&G violated the duty of loyalty by using the Village Defendants' status as a co-petitioner and the Village's purported intent in pursuing the underlying litigation against it herein; (3) Attorney Wolinksy is chief negotiator and necessary witness to both underlying 2013 Settlement Agreements at issue herein as well as the 2012 agreement wherein Plaintiff agreed to indemnify and hold the Village Defendants harmless for "all expenses" "related to" or "associated with" that underlying litigation; and, (4) the disqualification of Attorney Wolinsky is imputed to the entire firm under the circumstances.

## NATURE OF THE ACTION

4. This action by the Plaintiff property owner/developer arises out of underlying state litigation and the alleged breach of two 2013 Settlement Agreements reached therein (collectively referred to in the complaint as the "Stipulations") and the purported breach of the implied covenant of good faith and fair dealing of the same Settlement Agreements. (Docket No. 1 at Complaint at First through Fourth Causes of Action).[1] More particularly, it is alleged that the Village Defendants breached these two Settlement Agreements by "failing to enact" certain zoning on or about November 3, 2014. Id., at paras. 57-60, 65, 82.

5. While four of the five causes of action center on the purported breach and implied breach of these Settlement Agreements, the fifth cause of action alleges a Federal taking claim currently subject to a fully submitted, pending motion to dismiss.

---

[1] The Plaintiff identifies the underlying litigation at issue at follows: underlying Appellate Division proceeding commenced on behalf of the Village by Village Attorney, Ian Schlanger, Esq., of Norton & Christensen, in which the BT Holdings LLC intervened as Plaintiff by Attorney Wolinksy and J&G at Docket No. 2012-0556 referred to at para. 39 and 41, et seq., in the Complaint; and, underlying Article 78 proceeding commenced on behalf of the Village, Village Board, and BT Holdings LLC by Attorney Wolinksy and J&G at Index No. 2012-0556 referred to at para. 40 and 41, et seq., in the Complaint. See also, Affidavit of Ian Schlanger, Esq.

PROCEDURAL HISTORY

6. This action was commenced by filing of a Complaint in State Court on or about March 3, 2015 and removed to this Court by Notice of Removal on or about March 17, 2015; true and correct copies thereof are annexed hereto as Exhibit "A" and Exhibit "B", respectively.

7. In pertinent part, the Complaint alleges that Plaintiff owned approximately 68.4 acres of real property, 60.6 acres of which was in the Town of Chester and 7.8 acres of which was in the Village of Chester. See, Ex. "B" - Complaint at para. 9. Also prior to June 2012, Plaintiff petitioned pursuant to New York State General Municipal Law Article 17 for annexation of the Town portion of the property into the Village. Id., at par. 19.

8. On April 2, 2012, the Village Board voted to approve the Plaintiff's Annexation Petition. Id., at para. 37.

9. On May 9, 2012, the Town Board voted to deny Plaintiff's Annexation Petition. Id., at para. 38.

10. The Complaint further alleges as follows:

> 39. On June 15, 2012, the Village Board commenced a special proceeding against the Town Board in the Appellate Division, Second Department, Docket No. 2012-0556, seeking to overturn the Town's May 9, 2012 denial of the Petition, BT Holdings was granted party status in this special proceeding.
>
> 40. On July 9, 2012, BT Holdings and the Village Board were co-petitioners in bringing an Article 78 proceeding against the Town Board in Orange County Supreme Court, Index No. 4815-2012, seeking to annul the Town's SEQRA findings.
>
> 41. After numerous discussions between BT Holdings, the Town Board, and the Village Board, a settlement of these two lawsuits was reached, and the parties entered into two Stipulations of Settlement (collectively, the "Stipulations").

42. Approval of the Stipulation of Settlement for Docket No. 2012-0556 (the "Appellate Division Stipulation") was authorized by the Town Board on June 12, 2013, and by the Village Board on June 10, 2013. A true and correct copy of the Appellate Division Stipulation is annexed hereto as Exhibit D.

43. Approval of the Stipulation of Settlement for Index No. 4815-2012 (the "Supreme Court Stipulation") was authorized by the Town Board on June 12, 2013, and by the Village Board on June 10, 2013. A true and correct copy of the Supreme Court Stipulation is annexed hereto as Exhibit E.

44. In the Stipulations, BT Holdings and the Village agreed to reduce the project from 458 residential units to a maximum of 340 units, with no less than 100 to be age restricted. See Exhibit D at ¶ and Exhibit E at p.2.

45. The Stipulations require that "construction shall be undertaken in the manner described and set forth in the Final Environmental Impact Statement ("FEIS") and the Village's SEQRA Findings". See Exhibit D ¶ 1 and Exhibit E at ¶ 1.

46. As set forth above, both the FEIS and Findings Statement expressly evaluate and include the RM-N zoning district as a specific and necessary part of the Project approved in the Findings.

47. The Supreme Court Stipulation also states that it shall "be binding upon and inure to the benefit of each of the parties hereto and their heirs, successors and assigns, and shall run with the land." See Exhibit E at ¶ 4(d).

48. Thereafter, and in reliance upon the Stipulations, BT Holdings continued to seek additional approvals for the Project and for the enactment of the RM-N zoning designation for the Property.

...

60. Despite having been co-petitioners and co-plaintiff with BT Holdings in order to obtain the very agreement requiring the RM-N zoning and construction of the Project consistent with the FEIS and Findings, the Village Board breached the Stipulations. The Village Board's breach prevents the Project

...

11.     The First Cause of Action alleges the Village Defendants breached the 2013 Appellate Division Settlement Agreement and seeks specific performance of same. Id., at paras.

62-69. The Second Cause of Action alleges the Village Defendants breached the implied covenant of good faith and fair dealing as to the 2013 Appellate Division Settlement Agreement. Id., at paras. 70-78.

12. The Third Cause of Action alleges the Village Defendants breached of the 2013 Article 78 Settlement Agreement and seeks specific performance of same. Id., at paras. 79-86. The Fourth Cause of Action alleges the Village Defendants breached the implied covenant of good faith and fair dealing as to the 2013 Article 78 Settlement Agreement. Id., at paras. 87-95.

13. At a pre-motion conference before Judge Seibel on April 15, 2015, the Court set a motion schedule for the Village Defendants' motion to dismiss the takings claim and granted Plaintiff's request to conduct discovery on the remaining causes of action in the interim; a true and correct copy of the transcript is annexed hereto as Exhibit "C"; see also, Docket Nos. 19 - 29 - Motion to Dismiss, Opposition and Reply papers.

14. Also pursuant to Judge Seibel's direction, the Village Defendants joined issue by service of an Answer dated May 6, 2015; a true and correct copy of which is annexed hereto as Exhibit "D".

15. On or about May 29, 2015 and based upon information and documentation then received, the Village Defendants raised the issue of a potential conflict with Plaintiff's counsel based upon the attorney-witness rule by letter dated May 29, 2015, which was refuted by Plaintiff's counsel by letter dated June 4, 2015; true and correct copies of same are annexed hereto as Exhibits "E" and "F", respectively.

16. During discovery, Plaintiff's deposition by Frank Nussbaum was commenced on June 23, 2015; a true and correct copy of the transcript is annexed hereto as Exhibit "G".

17.    In pertinent part, Mr. Nussbaum testified as follows: Larry Wolinksy, Esq., of Jacobowitz & Gubitz, LLC ("J&G") was Plaintiff's chief negotiator as to the Settlement Agreements (which Attorney Kelly Pressler, also of Plaintiff's retained firm, later confirmed when our firm asked Plaintiff to clarify same on the record). (67-68, 75-76, 116-17).[2] Mr. Nussbaum further testified that Mr. Wolinksy was the only attorney on Plaintiff's behalf involved in the preparation of the "Findings Statement", annexed to and incorporated by reference into the complaint at para. 31-36, and apparently relied upon by Plaintiff as an identifiable source of Plaintiff's alleged right to certain zoning under the Stipulations at issue. (59-60) Mr. Nussbaum further testified that Mr. Wolinsky was Plaintiff's chief attorney for Plaintiff's annexation application process extensively referred to in the complaint and from which the Stipulations arose (98); that Mr. Wolinsky made all appearances for Plaintiff during the annexation application process that were required to be made by an attorney (98); and, was referred to as the "project attorney" for that annexation application process (98-100). Mr. Nussbaum further testified that he "was on a call with Larry [Wolinskly] and Kelly [Pressler]" related to his deposition. (7).

18.    On or about June 29, 2015 and based upon information and documentation then received, including Plaintiff's testimony by Frank Nussbaum, the Village Defendants again raised the issue of a potential conflict with Plaintiff's counsel based upon the advocate-witness rule by letter which was refuted by Plaintiff's counsel by letter true and correct copies of same are annexed hereto as Exhibits "H" and "I", respectively.

19.    As counsel could not reach an accord on the issue, the Village Defendants submitted a pre-motion letter on the issue at Docket No. 32 (refiled at Docket No. 41); a true and

---

[2] Number in parenthesis refers to corresponding page number of transcript.

correct copy of which is annexed hereto as Exhibit "J". Plaintiff's counsel opposed same at Docket No. 35; a true and correct copy of which is annexed hereto at Exhibit 'K".

20. In the interim, another basis for disqualification was discovered and confirmed and, as such, the Village Defendants supplemented their pre-motion letter to include same; a copy of Docket No.. 42 is annexed hereto at Exhibit "L".

21. At a conference before Your Honor on July 17, 2015, Your Honor permitted the Village Defendants to make the instant motion and set a submission schedule. Pursuant to that authority, the Village Defendants respectfully submit the instant motion; a copy of the transcript is annexed hereto as Exhibit "V".

## FURTHER EXHIBITS

22. Further exhibits annexed hereto include the following:

Exhibit "M" – Minutes of May 14, 2012;

Exhibit "N" - emails and attachments Village Attorney Ian Schlanger received from or sent to Attorney Wolinsky regarding the Indemnification Agreement;

Exhibit "O" – Indemnification Agreement;

Exhibit "P" – emails and attachments Village Attorney Ian Schlanger received from or sent to Attorney Wolinsky regarding Article 78 process;

Exhibit "Q" – emails and attachments Village Attorney Ian Schlanger received from or sent to Attorney Wolinsky regarding Appellate Division process;

Exhibit "R" - emails and attachments Village Attorney Ian Schlanger received from or sent to Attorney Wolinsky regarding overall strategy, Mayor's affidavit, and response to inquiry by Mayor;

Exhibit "S" – other relevant emails and attachments Village Attorney Ian Schlanger received from or sent to Attorney Wolinsky regarding the underlying matter including regarding the Settlement Stipulation;

Exhibit "T" – RJI, Notice of Petition, Petition without exhibits, Amended Notice of Petition, Amended Petition without exhibits, Reply Affirmation of Attorney Larry Wolinsky, Notice of Entry by Petitioner, Decision filed in Article 78;

Exhibit "U" – Notice of Petition and Petition filed in Appellate Division without exhibits.

## CONCLUSION

23. Based upon the foregoing, together with the accompanying attorney declaration by Village Attorney, Ian Schlanger, Esq., the exhibits annexed thereto and the Memorandum of Law, it is respectfully submitted that the Defendants' motion should be granted in its entirety, together with such other and further relief as to the Court may seem just and proper.

WHEREFORE, it is respectfully requested that this Court grant the Defendants' motion in its entirety, together with all such other relief as this Court may deem just and proper.

Dated: South Nyack, New York
August 11, 2015

*/s/ Mary E. Brady Marzolla*
MARY E. BRADY MARZOLLA
(MEBM – 1077)